Filed 8/24/20  P. v. Velten CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JENNIFER VELTEN,<br><br>    Defendant and Appellant. | 2d Crim. No. B298964<br>(Super. Ct. No. F000464362002)<br>(San Luis Obispo County) |

Jennifer Velten appeals from a postjudgment order denying her petition for resentencing under Penal Code[1] section 1170.95. Appellant contends the court erred in finding that Senate Bill No. (SB) 1437, pursuant to which section 1170.95 was enacted, is unconstitutional.  We agree and accordingly reverse.

### FACTUAL AND PROCEDURAL HISTORY

In 2012, appellant was charged with murder (§ 187, subd. (a)), burglary (§ 459), and robbery (§ 211).  After a preliminary

---

[1] All undesignated statutory references are to the Penal Code.

hearing, appellant pleaded guilty to second degree murder and was sentenced to 15 years to life in state prison.

Following the enactment of SB 1437, appellant filed a petition for resentencing pursuant to section 1170.95. The prosecution moved to dismiss the petition on the ground that SB 1437 is unconstitutional. In its motion, the prosecution contended that SB 1437 unconstitutionally amended Propositions 7 and 115. The prosecution also argued that SB 1437 conflicts with the Victims' Bill of Rights Act of 2008 (Marsy's Law). In its reply to appellant's opposition, the prosecution further asserted that SB 1437 violates the separation of powers doctrine by undermining the finality of court judgments.

In its ruling, the court stated that the evidence at appellant's preliminary hearing "showed probable cause to believe that [appellant] and three codefendants participated in the burglary and robbery of the victim, in a residential motel, resulting in a co-defendant stabbing the victim to death. It is clear that for purposes of the preliminary hearing that the People relied on a felony murder theory." The court nevertheless denied the petition, concluding that SB 1437 "violate[s] the California Constitution by violating the separation of powers doctrine, the constitutional requirement for finality of judgments, and the due process protections accorded both the parties, and by unconstitutionally amending Propositions 115 and 7. Accordingly, [appellant] cannot, as a matter of law, secure the relief . . . section 1170.95 purports to offer."

## DISCUSSION

Appellant contends the trial court erred in denying her petition for resentencing under section 1170.95 based on the finding that SB 1437 is unconstitutional. We agree.

SB 1437, which went into effect on January 1, 2019, amended the definition of murder in sections 188 and 189 to

narrow the scope of the felony murder rule and the natural and probable consequences doctrine.  (Stats. 2018, ch. 1015, §§ 2–3.) The measure also added section 1170.95 to establish a procedure whereby persons previously convicted of murder, who could not be convicted under the new definitions, could petition to have their convictions vacated.  "If the petitioner is found eligible for relief, the murder conviction must be vacated and the petitioner must be resentenced 'on any remaining counts in the same manner as if the petitioner had not been previously . . . sentenced, provided that the new sentence, if any, is not greater than the initial sentence.'  (§ 1170.95, subd. (d)(1).)"  (*People v. Bucio* (2020) 48 Cal.App.5th 300, 307 (*Bucio*).)

After appellant filed her opening brief, our colleagues in Division One of the Fourth Appellate District issued two opinions upholding the constitutionality of SB 1437.  (*People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, review denied February 19, 2020, S259700 (*Gooden*) [SB 1437 did not amend Propositions 7 and 115]; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, review denied February 19, 2020, S259835 (*Lamoureux*) [SB 1437 did not unconstitutionally amend Propositions 7 and 115 and did not violate the separations of powers doctrine or Marsy's Law].)  After briefing was completed, we issued an opinion following *Gooden* and *Lamoureux* in rejecting all four of the constitutional challenges at issue in this appeal.  (*Bucio*, *supra*, 48 Cal.App.5th at p. 306.)  Since then, numerous other courts have issued opinions rejecting identical constitutional challenges to SB 1437.  (See, e.g., *People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896; *People v. Alaybue* (2020) 51 Cal.App.5th 207; *People. v. Lopez* (2020) 51 Cal.App.5th 589; *People v. Johns* (2020) 50 Cal.App.5th 46; *People v. Prado* (2020) 49 Cal.App.5th 480 ; *People v. Smith*

3

(2020) 49 Cal.App.5th 85; *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Cruz* (2020) 46 Cal.App.5th 740.)

Although the People address *Gooden* and *Lamoureux* in their respondent's brief, they did not submit any supplemental briefs addressing *Bucio* or the numerous other cases uniformly holding that SB 1437 is constitutional.[2]  Because we have already rejected all four of the grounds upon which the trial court in this case found SB 1437 to be unconstitutional (*Bucio, supra*, 48 Cal.App.5th at p. 306), and the People have declined to address that decision or the many other recent published decisions that have all reached the same conclusion, we deem it sufficient for present purposes to once again hold—pending a contrary decision by our Supreme Court—that SB 1437 is constitutional.

## DISPOSITION

The order dismissing appellant's section 1170.95 petition is reversed, and the matter is remanded for the trial court to consider the merits of the petition.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT,  P. J.          YEGAN, J.

---

[2] We grant the People's unopposed request for judicial notice of documents regarding the legislative histories of Propositions 7 and 115 and SB 1437.  (Evid. Code, §§ 452, subs. (c) & (d), 459.)

Timothy S. Covello, Judge

Superior Court County of San Luis Obispo

_____

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Dan Dow, District Attorney, Melissa Chabra, Deputy District Attorney, for Plaintiff and Respondent.